Yolanda N. Melville, Esq.
**COOPER LEVENSON, P.A.**
1125 Atlantic Avenue - 3rd Floor
Atlantic City, NJ 08401
Telephone: (609) 344-3161
Facsimile: (609) 572-7377
Email: ymelville@cooperlevenson.com
Attorneys for Defendants, Atlantic City Housing Authority, Executive Director
Thomas J. Hannon, and Board of Commissioners, Mauro Sandoval, Jesse O. Kurtz,
Patricia Tweedle, Nichole Gupton, Dr. La'Quetta Small, Stephanie Stewart and
Eli Gbayee

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LASH BRUMFIELD, MARITZA BRUMFIELD, individuals and on behalf of TRIPLE D. CLEANING SERVICES, JBI MANAGEMENT, | : | |
| Plaintiffs, | : | |
| v. | : | |
| ATLANTIC CITY HOUSING AUTHORITY, EXECUTIVE DIRECTOR, THOMAS J. HANNON, BOARD OF DIRECTORS, BOARD COMMISSIONER JESSE O. KURTZ, and MAURO SANDOVAL, and PATRICIA TWEEDLE, TREASURER STEPHANIE STEWART, ASSISTANT TREASURER ELI GBAYEE, BOARD CHAIRPERSON NICHOLE GUPTON, VICE CHAIRPERSON DR. LA'QUETTA SMALL, HEAD DOE, JOHN DOE, ANN DOE (identities unknown), | : | Civil Action No. _____ |
| | : | **NOTICE OF REMOVAL** |
| Defendants. | : | |

Defendants, Atlantic City Housing Authority ("ACHA"), Executive Director Thomas J. Hannon, and Board of Commissioners, Mauro Sandoval, Jesse O. Kurtz, Patricia Tweedle, Nichole Gupton, Dr. La'Quetta Small, Stephanie Stewart and Eli Gbayee (collectively, the "ACHA Defendants"), by their attorneys, Cooper Levenson, P.A., hereby remove the above-captioned matter from the Superior Court of New Jersey, Atlantic County, Law Division, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, *et seq.*   In connection therewith, the ACHA Defendants state as follows:

## THE STATE COURT LITIGATION

1.     On or about July 27, 2021, Plaintiffs Lash Brumfield, Maritza Brumfield and on behalf of Triple D. Cleaning Services, JBI Management (collectively, "Plaintiffs"), filed an action in the Superior Court of New Jersey, Law Division, Atlantic County, which is docketed as ATL-L-0404-21.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.     On or about July 27, 2021, counsel for Plaintiffs, Eldridge Hawkins, Esquire, served the Complaint and Summons upon the ACHA Defendants.  A true and correct copy of the Summons is attached hereto as **Exhibit B**.

3.     A true and correct copy of the Track Assignment Notice is attached hereto as **Exhibit C**.

4.     The ACHA Defendants have not yet filed an Answer to Plaintiffs' Complaint.

5.     Plaintiffs' Complaint contains claims against the ACHA Defendants alleging violations of the United States Constitution and the laws of the United States , which necessitate removal to the District Court.  *See* Ex. A, p. 13, Count Six.

6.     Specifically, Plaintiffs alleges that the ACHA Defendants['] "actions under color of State Law also violated Plaintiffs['] right under the US Constitution, Amendment I, IV, V, XIV, and 42 USCA 1981, 1982, 1983, 1986, 1986, 1988[.]" *See* Ex. A, p. 13, Count Six, ¶2.

## THE PARTIES

7.     According to Plaintiffs' Complaint, Plaintiffs Lash Brumfield and Maritza Brumfield are the principals of Plaintiff Triple D. Cleaning Services and Plaintiff JBI Management.  *See id*, p. 2, ¶1.

8.     Defendant ACHA is an instrumentality of the State of New Jersey located in Atlantic City, New Jersey, which is regulated by State and Federal regulations. *See id.*, p. 2, ¶2.

9.     Defendant John Thomas Hannon is the ACHA Executive Director. *See id.*, p. 2, ¶3.

10.     Defendants Mauro Sandoval, Jesse O. Kurtz, Patricia Tweedle, Nichole Gupton, Dr. La'Quetta Small, Stephanie Marshall (formerly Stewart) and Eli Gbayee serve as members of the ACHA Board of Commissioners. *See generally*, *id.*

## REMOVAL

11.     Pursuant to 28 U.S.C. § 1331, the District Court has original jurisdiction over the claims arising under the Constitution and the laws of the United States, and this action is one that may be removed to the District Court by the ACHA Defendants pursuant to 28 U.S.C. § 1441(c).

12.     This Notice of Removal is timely in accordance with the requirements of 28 U.S.C. § 1446(b) as it has been filed within thirty (30) days after service of Plaintiffs' Complaint, which contains the Federal claims over the District Court has original jurisdiction.

13.     In accordance with 28 U.S.C. § 1446(a), this Notice contains copies of all orders, summonses and pleadings that have been served upon the ACHA Defendants.

14.     The ACHA Defendants will provide immediate notice of the filing of this Notice of Removal to all parties and the Clerk of the State Court as required by 28 U.S.C. § 1466(d).

15.     By removing this action, the ACHA Defendants do not waive any defenses that may be available and do not concede that the allegations in the Complaint state a valid claim under any applicable law.  The ACHA Defendants also reserve the right to supplement this Notice in the event that this removal is challenged.

**WHEREFORE**, the ACHA Defendants respectfully request that the matter presently pending in the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. ATL-L-0404-21, be removed to the United States District Court for the District of New Jersey.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**COOPER LEVENSON, P.A.**

By: _____

Dated: August 25, 2021                     YOLANDA N. MELVILLE, ESQUIRE
                                           Attorneys for Defendants, Atlantic City
                                           Housing Authority, Executive Director
                                           Thomas J. Hannon, and Board of
                                           Commissioners, Mauro Sandoval, Jesse
                                           O. Kurtz, Patricia Tweedle, Nichole
                                           Gupton, Dr. La'Quetta Small, Stephanie
                                           Stewart and Eli Gbayee

CLAC 6501974.1

# EXHIBIT A

**ELDRIDGE HAWKINS LLC**
**Attorney At Law**
**Attorney ID No. 214731967**
60 Evergreen Place Suite 510
East Orange, New Jersey 07018
Tel: (973) 676-5070
Fax: (973) 676-7356
Attorney for: **PLAINTIFF, LASH BRUMFIELD AND MARITZA BRUMFIELD**

| | |
|---|---|
| **LASH BRUMFIELD, MARITZA BRUMFIELD, INDIVIDUALS AND ON BEHALF OF TRIPLE D. CLEANING SERVICES, JBI MANAGEMENT**<br><br>**PLAINTIFF,**<br><br>vs.<br><br>**ATLANTIC CITY HOUSING AUTHORITY, EXECUTIVE DIRECTOR, J. THOMAS HANNON, BOARD OF DIRECTORS, BOARD COMMISSIONER JESSE O. KURTZ, and MAURO SANDOVAL, and PATRICIA TWEEDLE, TREASURER STEPHANIE STEWART, ASSISTANT TREASURER ELI GBAYEE, BOARD CHAIRWOMAN NICHOLE GUPTON, VICE-CHAIRPERSON DR. LA'QUETTA SMALL, HEAD DOE, JOHN DOE, ANN DOE (identities unknown)**<br><br>**DEFENDANTS.** | **SUPERIOR COURT OF NEW JERSEY LAW  DIVISION: ATLANTIC COUNTY DOCKET NO.: ATL**<br><br><br><br>**CIVIL ACTION**<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND WITH PRODUCTION DEMAND** |

Plaintiffs, Triple D. Cleaning Services, Lash Brumfield and Maritza Brumfield and Triple D. Cleaning Services and JBI Management in the County of Burlington, New Jersey, by way of Complaint against the Defendants, herein states:

## JURISDICTION

This action is brought pursuant to N.J.S.A. 10:6-2 (a) (c) et als., N.J.S.A. 10:1-2; 10:5-4; 42 USCA 1981, 1983, 1985, 1985, 1988, U.S. Constitution Amendment XIV which

1

guarantees to each citizen due process and equal protection N.J.S.A. 10:5-12 (f); New

Jersey Constitution, Article I, Paragraphs 1, 5, 7, 9. Fuchilla v. Layman, 109 NJ 319,

Peper v. Princeton, 77 NJ 55 (1978); Ptaszynski v. Ehiri Pius, 371 NJ Super 333.

## PARTIES

1. Plaintiffs Lash Brumfield (African American Male) and Maritza Brumfield (African

American Female) are principle of Plaintiffs of Triple D. Cleaning Services and JBI

Management, Rashaun Brumfield and Harita Nellom who entities licensed to do business

in New Jersey and who perform cleaning and other services.

2. Defendants Atlantic City Housing Authority and its Board of Directors had a duty

to properly supervise, train and discipline their employees. Defendant Board negligently

and recklessly failed to supervise and train their employees.

3. Defendant, Thomas Hannon is at all times the Director of Defendant Board,

Hannon

Purposely giving free ____ Defendant Debra Brook is at all times contract _____

Administrator for Defendant Board.

4. Are all places of public accommodation as that term is defined in N.J.S.A. 10:1-

2; 10:5-4 and 10:5-12 (f) as well as Ptaszynski v. Ehiri .

5. Defendants Thomas Hannon, Ivy Mendez, Debra Book and Managerial

Administrators employed the Defendant Atlantic City Housing Authority Board

(Defendant)

6. Defendants Head Doe (1-10), John Does (1-5) and Harry Roe (1-10) are all

presently unknown agents-employees of Defendant Board who have been given the

authority and discretion by Defendant Board to perform the duties described herein

2

Defendants Does and Roes all assisted aided and abetted, agreed and conspired to create circumstances to justify their invidious depriving of Plaintiffs of their statutory and constitutional rights to equally obtain and protect property and employment.

7. All Defendants are joined officially and individually at times Defendants exceeded their authority and operated.

## STATEMENT OF FACTS

1. Triple D Cleaning Service was originally awarded the contract for Commercial Cleaning Services in August 2017 by Atlantic City Housing Authority.

2. At the beginning of this business relationship, everything was wonderful. Thomas Hannon cited our company as being "exceptional".

3. There was no issues or concerns, only accolades. Atlantic City Housing Authority also asked Triple D to give them a quote of we do painting.

4. Toward the end of Plaintiffs Triple D's "Fire Clean Up" at Jeffries Tower, Plaintiffs were offered an office on the first floor to store materials and supplies. The office was a storage for Atlantic Care and maintenance.

5. Thomas Hannon was asked how he felt about Triple D renting the location and he gave his approval for Plaintiffs to rent the space.

6. Atlantic Care was then asked to remove items from office, as well as maintenance. After office was clear, Plaintiffs then began the fill renovation of their Office.

7. Shortly thereof, Atlantic City Housing Authority reaches out to Plaintiffs regarding an upcoming construction bid. Atlantic City Housing Authority asked if Plaintiffs do construction which Plaintiffs confirmed.

3

8. Atlantic City Housing Authority then put Plaintiffs on the Vendors List to start doing construction jobs through requisites that they did not want to give to "contracted" vendors for whatever reason.

9. Hannon also spoke to Plaintiff about how to guarantee Plaintiffs rent monthly, which he would give Plaintiffs the requisites to make sure Plaintiffs can cover rent.

10. Plaintiff were also asked to bid for an upcoming construction bid.

11. JBI also became located in the office with Triple D, but would be a sub-office of JBI. Defendant Hannon was ecstatic to have Cleaning and Construction companies on-site.

12. Defendant Hannon spoke to Rashaun Brumfield and Lash Brumfield regarding how Atlantic City Housing Authority (ACHA) was willing to pay for construction completed.

13. The first option was to only charges Plaintiff $500 a month for the first year., The other $500 ___ d towards construction completed since the renovations were to their property, as well as the office not being rentable prior to work completed. Defendant Hannon stated this was denied by the ACHA Board.

14. The second option Defendant Hannon offered was to have Bruce Britton come confirm all construction completed. Once confirmed by Bruce Britton Plaintiffs are to send invoices of total amount for construction. ACHA will pay for renovations completed, and Plaintiffs will pay the normal rent agreed upon $1000 a month. Plaintiffs agreed and complied.

15. During this time, Plaintiffs consistently completed construction clean up at no cost, for the entire them of construction, electrical, and paint jobs were being completed (which was approximately one year).

16. Thereafter the Construction bid was put out to the public, Plaintiffs had their bid package 90% ready, but were unable to put bid in because Plaintiffs were unable to get the Surety Bid.

17 ACHA wanted JBI to have the job which that Defendant Hannon said he would only allow the winner to that bid to only be awarded the contract for 90-129 days. Then ACHA will put it back up for bid, so that plaintiffs may bid again and possibly win the contract.

18. Plaintiffs then received a call from Purchasing, asking do we do Landscaping, and Plaintiffs confirmed. Plaintiffs were told when the bid date was, and to come pick up the bid when available.

19. Defendant Hannon did not ask Plaintiff to bid for Landscaping, nor did he tell his staff to let Plaintiffs know about the Landscaping bid, because the Landscaping successful bidder was already set or predetermined of which I were unaware.

20. The bid went back out for public bidding for Construction Contract for JBI Management. Plaintiffs then tried to bid again, but due to Purchasing Agent, not having the correct understanding what paperwork was needed for Consent of Surety for the Construction Bid. Plaintiffs were unable to successfully put forth a bid.

21. Thereafter JBI Management then bid for the Landscaping Contract ___ won 4 sites through bid. (this is the contract that Hannon did not tell us about or tell us to bid for) Plaintiffs bid on the Landscaping/Snow Removal vid which Hannon already had his contractors/friends doing these contracts (which at the time Plaintiffs also didn't know.).

22. Plaintiffs current Cleaning contracts were also up for renewal. All of Plaintiffs Contract Administrators wanted to keep Triple D, so ___ contracts were renewed. Most, if

not all of the other Contract Administrators put their contracts up for bid, the hopes of Triple D winning their contract, because of good things witnessed.

23. Plaintiffs eventually won 2-3 more sites in bed.

24. For the entire first year of Plaintiffs contract, there were no complaints. Not one disciplinary issue, not one warning for concerns or issues, not one email complaint, and not one unsatisfactory report.

25. At this point, Triple D and ACHA were working and operating well together.

26. After JBI officially was awarded the Landscaping contracts particularly Buzby Village.

27. ACHA then began to target Plaintiffs Companies with exaggerated complaints false statements, improper write ups, wrongful termination, contracts put up for bid after winning, etc.

28. Thomas Hannon started sending all the minorities-employees at ACHA to Plaintiffs companies to write Plaintiffs up so that Defendants may have cause to terminate Plaintiffs contracts, and once Plaintiff contracts were terminated, Thomas Hannon could then strike out all Plaintiffs upcoming bids due to, "prior negative history".

29. On August 2, 2018 Defendant began a paper trail against Plaintiffs

30. This was Plaintiffs first email complaint, issue or misunderstanding. Plaintiffs received an email from Nina on August 2, 2018, the first day of Plaintiffs newly acquired Cleaning Contracts through recent bid.

31. Nina sent out email threatening Triple D that Plaintiffs were in jeopardy of losing Plaintiffs new contract because cleaner's were not at the location to clean. And this was the first day!!!

6

32. Ultimately, Nina was found to be incorrect.

33. Nina eventually emailed back, stating that Plaintiffs staff was on site.

34. Plaintiff incorporates herein the attached documents as if fully restated herein.

35. Plaintiff had successfully bid for and were working on contracts for Defendant Board, Plaintiffs has successfully submitted bids and obtained contracts offered for public bid by the Defendant Board for all sites on June 26, 2019.

36. The Plaintiffs prior contract was scheduled to be completed on July 31, 2019

37. On February 6, 2019 Debra Brook sent a written complaint about Plaintiffs performance contract.

38. On February 7, 2017 Plaintiffs received a termination of contract letter from _____ pertaining to their successfully bid cleaning service contract which was scheduled to be completed on July 31, 2019.

39. The February 6, 2019 letter was submitted to Defendant Thomas Hannon who urged and requested complaints from persons. Same was Plaintiffs second written warning.

40. On February 7, 2019 Thomas Hannon sent to Plaintiffs Triple D Cleaning Service a termination letter terminating the Plaintiffs contract with ACHA on the basis of 3 complaints and warning letters pursuant to the terms of Plaintiffs contract.

41. On February 6, 2019 letter was not the 3rd complaint but the 2nd which was not grounds for termination.

42. Plaintiffs complained and grieved and prevailed with regard to stopping the February 7, 20198 terminations which was scheduled to be effective.

43. On or before July 2, 2019 Defendant sent to Plaintiffs a rejection letter to their newly submitted bid for service contracts.

44. Plaintiffs bids were rejected although Plaintiffs bid were the lowest.

45. Plaintiffs bids all were in compliance with required qualifications for bids.

46. On or about August 22, 2018 at a Board meeting, Defendant Thomas Hannon was heard to say JBI is getting too big.

47. Notice of Claim was served upon _____

**FIRST COUNT**
**N.J.S.A. 10:1-2; N.J.S.A. 10:5-4; N.J.S.A 10:5-12 (f), PTASZYNSKI v. EHIRI**
**(PLACE OF PUBLIC ACCOMMODATION)**

1. Plaintiff repeats all paragraphs as if fully incorporated herein

2. Plaintiffs are African American residents-citizens of New Jersey

3. Plaintiffs were performing their jobs well with no problems until Plaintiffs through their LLC entities bid on projects for which the Director, Thomas Hannon did not tell them they could bid.

4. Apparently the bid for which Plaintiffs bid and were successful was to go to a white friend of Defendant Director Hannon.

5. Thereafter, Defendants individually, jointly, by agreement and in an aiding and abetting fashion with each other engaged in actions designed to find fault with Plaintiffs end their operations to justify terminating their contracts.

6. Defendants terminated a contract of Plaintiff Triple D Cleaning before the end of it by utilizing a custom and creating a policy of saying the contract holder had 3 violations-complaints and warnings.

8

7. Defendants utilized one set of circumstances twice which was not allowed and which required Defendants to reinstated Plaintiffs contract.

8. Thereafter, Defendants created circumstances and false complaints known by Defendants to be false that stated and created to cause Plaintiffs to lose their contracts and their ability to bid on future contracts.

9. One reason these Defendants attempted to use was the moral character of a principal was not proper. This was predicated upon a criminal record of Plaintiff Lash Brumfield ___ of the principles of both Plaintiff LLC entities.

10. Plaintiff moral character did not bother Defendants until Plaintiffs competed without Defendant Hannon's permission for bids already designed to go to Defendant Hannons' white friends.

11. When Defendants took away the Plaintiffs contract, it was their plan to give it to one of Defendant Hannon's white friends.

12. Plaintiffs are not given the same treatment accorded other white principals of businesses and entities which bid for contracts.

13. Defendants each and all have deprived Plaintiffs of the benefits privileges, entitlements and accommodations of the Atlantic City Housing Authority (ACHA) a place of public accommodations. Same violated N.J.S.A. 10:1-2; 10:5-4; 10:5-12 (f).

14. As a consequence of Defendants unlawful and invidious actions, Plaintiffs have been harmed and damaged.

**WHEREFORE,** Plaintiffs requests judgement for monetary damages both past and future, both compensatory and punitive with costs and interest and attorney's fees.

## SECOND COUNT
## BREACH OF CONTRACT AND BREACH OF IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALINGS

1. Plaintiff repeat all paragraphs as if fully restated herein.

2. Defendants-Board and Hannon who were parties to contracts with entities-Plaintiffs had a duty to abide by the terms of their contract agreements with Plaintiffs entities and did not.

3. Defendants instead engaged in bad faith, breach of the terms of their agreement-contract with Plaintiff LLC.

4. As a consequence of Defendants breach and attempted early termination of their contract Plaintiffs were compelled to hire counsel to defend against the breach.

5. Defendants also engaged in bad faith creation of circumstances and allegations designed to make it appear that Plaintiffs were not doing their proper job and were not qualifying as persons of good moral character sufficient to be awarded contracts.

6. Defendants actions were successfully as they have not allow Plaintiffs to be awarded contract bids as they would otherwise be entitled to receive.

7. As a consequence, Plaintiffs have been damaged and harmed.

**WHEREFORE,** Plaintiff requests judgement for monetary damages both past and future, both compensatory and punitive with costs, interest and attorney's fees.

## THIRD COUNT
## INTENTIONAL INTERFERENCE WITH BENEFICIAL
## ECONOMIC POSITION

1. Plaintiffs repeat all paragraphs as if fully restated herein

10

2. Individual named Defendants also engaged in bad faith actions designed to interfere with Plaintiffs abilities to win bids and earn livings and provide jobs for others who are needy.

3. Plaintiffs enjoyed beneficial economic positions and good reputations prior to Defendants planned and agreed to creation of false allegations and reasons to run Plaintiffs professional reputations in order to have a created just cause to deprive Plaintiffs of contracts and the Plaintiff principles of the LLC entities their beneficial economic positions.

4. Defendants actions done in an ultra virous invidious and malicious manner deprived Plaintiffs of their beneficial economic positions making Plaintiffs liable for their actions and the Board liable for its employees actions which they negligently recklessly, intentionally, purposely allowed to take place with a reckless and wanton disregard of the likely consequences.

5. As a consequence individual Plaintiffs were harmed

**WHEREFORE,** individual Plaintiffs requests judgement for monetary damages both past and future, both compensatory and punitive with costs, interest, and attorney's fees.

### FOURTH COUNT
### VIOLATION OF NJ CONSTITUTION,
### ARTICLE I, PAR I, PAR 5, PAR 18

1. Plaintiff repeats all paragraphs as if fully restated herein

2. Plaintiffs exercised their legal rights to make bids with the ACHA, a public agency

11

3. Because they made bids for contracts designed recipient, it angered Defendant Hannon who engaged in actions of retaliation against them through use of his powers given to him under State Law.

4. Defendant Hannon specifically engaged inactions in violation of New Jersey State Bidding Law as he engaged in actions to "fix" the bid and circumstances so he chosen persons and companies would have the contract.

5. Plaintiffs grieved and complained as permitted under NJ Constitution, Article I, Par 18 after which Defendants retaliated against Plaintiffs depriving them of their ability to successfully obtain a contract from ACHA by successful bid.

6. This act deprived Plaintiff (African Americans) of their due process and equal protection and entitlement to property in violations of Article I, Par 1 + 5.

7. Said actions also invaded Plaintiffs right to privacy by casting Plaintiffs in a false light by statements and allegations known to be false but done ___- with reckless and wanton disregard of the probable harm.

**WHEREFORE,** individual Plaintiffs requests judgement for monetary damages both past and future, both compensatory and punitive with costs, interest, and attorney's fees.

### FIFTH COUNT
### VIOLATIONS OF N.J.S.A. 10:6-2

1. Plaintiffs repeat the paragraphs previously and hereafter stated

2. Defendants acted under color of State Law in the NJ State Bidding process and in the authority as a NJ Municipal Housing Authority which they violated by their ultra virous actions.

3. Defendants violated the Constitution, NJ State Bidding Laws, NJLAD, Peper v. Princeton, 77 NJ 55 (1978)

4. Defendants deprived Plaintiffs of their rights to free speech, to petition for redress of grievance, rights to property privacy (good name) equal protection and due process.

5. As a consequence of Defendants actions in their custom of controlling who bids on what contracts same violated Plaintiffs rights causing Plaintiffs harm

**WHEREFORE,** individual Plaintiffs requests judgement for monetary damages both past and future, both compensatory and punitive with costs, interest, and attorney's fees.

## SIXTH COUNT
## VIOLATIONS OF 42 USCA 1981, 1982, 1983, 1985, 1986, 1988

1. Plaintiffs repeat the paragraphs previously and hereafter stated

2. Defendants actions under color of State Law also violated Plaintiffs right under the US Constitution, Amendment I, IV, V, XIV and 42 USCA 1981, 1982, 1983,1 985, 1986, 1988

3. Defendants each and all had a duty to prevent the unlawful actions of each other but instead agreed and conspired and aided and abetted each other in violating Plainitffs rights so that Defendant Hannon and his Hispanic, White (non-African American) chosen bidder would obtain the contract bids from ACHA to the detriment of Plaintiffs

4. Defendants actions done under Color of State Law caused Plaintiffs harm, pain suffering, extreme and severe emotional distress, monetary and property loss of contracts and right to do business with the Atlantic City Housing Authority.

**WHEREFORE** Plaintiffs request judgment under 42 USCA 1981, 1982,1983, 1985, 1986,1988 for monetary judgment, both past and future, both compensatory and punitive with costs, interest and attorney's fees.

Plaintiff also requests this Court:

1. Declare Defendants actions unlawful and void;

2. Reinstate Plaintiffs contracts;

3. Restrain and enjoin Defendants from interfering with Plaintiffs rights to make bids on the public contracts;

4. Restrain and enjoin Defendants from again engaging in the unlawful actions described in the within Complaint;

5. Grant such other relief as is just.

**DATE: FEBRUARY 5, 2021**          ____/s/Eldridge Hawkins____
                                    Eldridge Hawkins, Esq.

14

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-000404-21**

**Case Caption:** BRUMFIELD LASH  VS ATLANTIC CITY
HOUSIN G AUTHORI

**Case Initiation Date:** 02/05/2021

**Attorney Name:** ELDRIDGE T HAWKINS

**Firm Name:** ELDRIDGE HAWKINS

**Address:** 60 EVERGREEN PLACE STE 510
EAST ORANGE NJ 07018

**Phone:** 9736765070

**Name of Party:** PLAINTIFF : BRUMFIELD, LASH

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** CIVIL RIGHTS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: LASH BRUMFIELD? NO**

**Are sexual abuse claims alleged by: MARITZA BRUMFIELD? NO**

**Are sexual abuse claims alleged by: TRIPLE D CLEANING
SERVICES? NO**

**Are sexual abuse claims alleged by: RASHAUN BRUMFIELD? NO**

**Are sexual abuse claims alleged by: HARITA NELLOM? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>02/05/2021</u>
Dated

<u>/s/ ELDRIDGE T HAWKINS</u>
Signed

# EXHIBIT B



Atlantic County
# OFFICE OF THE SHERIFF
4997 Unami Boulevard
Mays Landing, NJ 08330
Eric Scheffler, Sheriff
(609) 909-7220   FAX (609) 909-7299



Sheriff's File Number:
21000790

**Eldridge Hawkins LLC**
**60 Evergreen Place., Suite 510**
**East Orange, NJ 07018**

## AFFIDAVIT OF SERVICE

Lash Brumfield, Maritza Brumfield, Triple D Cleaning,
Rashaun Brumfield, Harita Nellom

ATLANTIC COUNTY SUPERIOR COURT
Atlantic County Law Division

vs.

Atlantic Housing Authority, et al

Docket #: ATL-L-000404-21

I, Eric Scheffler, Sheriff of Atlantic County, do hereby deputize Joseph Temme, and appoint him to be my Deputy to execute and return the within **Summons & Complaint, Jury Demand with Production Demand**.

## SERVICE INFORMATION

On 7/27/2021 at 11:10 AM at 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401 , deponent served the within on *Stephanie Stewart*, the defendant named therein, in the following manner:

## CORPORATION

By delivering to and leaving with Beth Ann Shample,  Confidential aid, a true copy thereof.

Service Attempts at service location:
Date: 7/27/2021 @ 11:10 AM - 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401

Additional Service Information:

Ofc. Joseph Temme

Service Fee:  This fee is the total for all services in multiple defendant case: $162.08



Atlantic County
# OFFICE OF THE SHERIFF
4997 Unami Boulevard
Mays Landing, NJ 08330
Eric Scheffler, Sheriff
(609) 909-7220   FAX (609) 909-7299



**Eldridge Hawkins LLC**
**60 Evergreen Place., Suite 510**
**East Orange, NJ 07018**

Lash Brumfield, Maritza Brumfield, Triple D Cleaning,
Rashaun Brumfield, Harita Nellom

vs.

Atlantic Housing Authority, et al

Sheriff's File Number:
21000790

## AFFIDAVIT OF SERVICE

ATLANTIC COUNTY SUPERIOR COURT
Atlantic County Law Division

Docket #: ATL-L-000404-21

I, Eric Scheffler, Sheriff of Atlantic County, do hereby deputize Joseph Temme, and appoint him to be my Deputy to execute and return the within **Summons & Complaint, Jury Demand with Production Demand**.

## SERVICE INFORMATION

On 7/27/2021 at 11:10 AM at 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401 , deponent served the within on *Eli Gbayee*, the defendant named therein, in the following manner:

## CORPORATION

By delivering to and leaving with Beth Ann Shample,  Confidential aid, a true copy thereof.

Service Attempts at service location:
Date: 7/27/2021 @ 11:10 AM - 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401

Additional Service Information:

Ofc. Joseph Temme

Service Fee:  This fee is the total for all services in multiple defendant case: $162.08.




Atlantic County
# OFFICE OF THE SHERIFF
4997 Unami Boulevard
Mays Landing, NJ 08330
Eric Scheffler, Sheriff
(609) 909-7220   FAX (609) 909-7299

Sheriff's File Number:
21000790

**Eldridge Hawkins LLC**
**60 Evergreen Place., Suite 510**
**East Orange, NJ 07018**

## AFFIDAVIT OF SERVICE

Lash Brumfield, Maritza Brumfield, Triple D Cleaning,
Rashaun Brumfield, Harita Nellom

ATLANTIC COUNTY SUPERIOR COURT
Atlantic County Law Division

vs.

Atlantic Housing Authority, et al

Docket #: ATL-L-000404-21

I, Eric Scheffler, Sheriff of Atlantic County, do hereby deputize Joseph Temme, and appoint him to be my Deputy to execute and return the within **Summons & Complaint, Jury Demand with Production Demand**.

### SERVICE INFORMATION

On 7/27/2021 at 11:10 AM at 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401 , deponent served the within on **Dr. La'Quetta Small**, the defendant named therein, in the following manner:

### CORPORATION

By delivering to and leaving with Beth Ann Shample,  Confidential Aid, a true copy thereof.

Service Attempts at service location:
Date: 7/27/2021 @ 11:10 AM - 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401

Additional Service Information:

Ofc. Joseph Temme

Service Fee:  This fee is the total for all services in multiple defendant case: $162.08



Atlantic County
# OFFICE OF THE SHERIFF
4997 Unami Boulevard
Mays Landing, NJ 08330
Eric Scheffler, Sheriff
(609) 909-7220   FAX (609) 909-7299



Sheriff's File Number:
21000790

**Eldridge Hawkins LLC**
**60 Evergreen Place., Suite 510**
**East Orange, NJ 07018**

Lash Brumfield, Maritza Brumfield, Triple D Cleaning,
Rashaun Brumfield, Harita Nellom

vs.

Atlantic Housing Authority, et al

## AFFIDAVIT OF SERVICE

ATLANTIC COUNTY SUPERIOR COURT
Atlantic County Law Division

Docket #: ATL-L-000404-21

I, Eric Scheffler, Sheriff of Atlantic County, do hereby deputize Joseph Temme, and appoint him to be my Deputy to execute and return the within **Summons & Complaint, Jury Demand with Production Demand.**

## SERVICE INFORMATION

On 7/27/2021 at 11:10 AM at 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401 , deponent served the within on *Nichole Gupton*, the defendant named therein, in the following manner:

## CORPORATION

By delivering to and leaving with Beth Ann Shample,  Confidential aid, a true copy thereof.

Service Attempts at service location:
Date: 7/27/2021 @ 11:10 AM - 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401

Additional Service Information:

Ofc. Joseph Temme

Service Fee:  This fee is the total for all services in multiple defendant case: $162.08



Atlantic County
# OFFICE OF THE SHERIFF
4997 Unami Boulevard
Mays Landing, NJ 08330
Eric Scheffler, Sheriff
(609) 909-7220   FAX (609) 909-7299



Sheriff's File Number:
21000790

**Eldridge Hawkins LLC**
**60 Evergreen Place., Suite 510**
**East Orange, NJ 07018**

Lash Brumfield, Maritza Brumfield, Triple D Cleaning,
Rashaun Brumfield, Harita Nellom

vs.

Atlantic Housing Authority, et al

# AFFIDAVIT OF SERVICE

ATLANTIC COUNTY SUPERIOR COURT
Atlantic County Law Division

Docket #: ATL-L-000404-21

I, Eric Scheffler, Sheriff of Atlantic County, do hereby deputize Joseph Temme, and appoint him to be my Deputy to execute and return the within **Summons & Complaint, Jury Demand with Production Demand.**

## SERVICE INFORMATION

On 7/27/2021 at 11:10 AM at 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401 , deponent served the within on *Jesse O Kurtz,* the defendant named therein, in the following manner:

## CORPORATION

By delivering to and leaving with Beth Ann Shample,  Confidential Aid, a true copy thereof.

Service Attempts at service location:
Date: 7/27/2021 @ 11:10 AM - 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401

Additional Service Information:

Ofc. Joseph Temme

Service Fee:  This fee is the total for all services in multiple defendant case: $162.08




Atlantic County
# OFFICE OF THE SHERIFF
4997 Unami Boulevard
Mays Landing, NJ 08330
Eric Scheffler, Sheriff
(609) 909-7220   FAX (609) 909-7299

Sheriff's File Number:
21000790

**Eldridge Hawkins LLC**
**60 Evergreen Place., Suite 510**
**East Orange, NJ 07018**

## AFFIDAVIT OF SERVICE

Lash Brumfield, Maritza Brumfield, Triple D Cleaning,
Rashaun Brumfield, Harita Nellom

vs.

Atlantic Housing Authority, et al

ATLANTIC COUNTY SUPERIOR COURT
Atlantic County Law Division

Docket #: ATL-L-000404-21

I, Eric Scheffler, Sheriff of Atlantic County, do hereby deputize Joseph Temme, and appoint him to be my Deputy to execute and return the within **Summons & Complaint, Jury Demand with Production Demand**.

## SERVICE INFORMATION

On 7/27/2021 at 11:10 AM at 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401 , deponent served the within on *Mauro Sandoval*, the defendant named therein, in the following manner:

## CORPORATION

By delivering to and leaving with Beth Ann Shample,  Confidential Aid, a true copy thereof.

Service Attempts at service location:
Date: 7/27/2021 @ 11:10 AM - 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401

Additional Service Information:

Ofc. Joseph Temme

Service Fee:  This fee is the total for all services in multiple defendant case: $162.08



Atlantic County
# OFFICE OF THE SHERIFF
4997 Unami Boulevard
Mays Landing, NJ 08330
Eric Scheffler, Sheriff
(609) 909-7220   FAX (609) 909-7299



Sheriff's File Number:
21000790

**Eldridge Hawkins LLC**
**60 Evergreen Place., Suite 510**
**East Orange, NJ 07018**

## AFFIDAVIT OF SERVICE

Lash Brumfield, Maritza Brumfield, Triple D Cleaning,
Rashaun Brumfield, Harita Nellom

ATLANTIC COUNTY SUPERIOR COURT
Atlantic County Law Division

vs.

Atlantic Housing Authority, et al

Docket #: ATL-L-000404-21

I, Eric Scheffler, Sheriff of Atlantic County, do hereby deputize Joseph Temme, and appoint him to be my Deputy to execute and return the within **Summons & Complaint, Jury Demand with Production Demand**.

## SERVICE INFORMATION

On 7/27/2021 at 11:10 AM at 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401 , deponent served the within on *Thomas J Hannon*, the defendant named therein, in the following manner:

## CORPORATION

By delivering to and leaving with Beth Ann Shample,  Confidential Aid, a true copy thereof.

<u>Service Attempts at service location:</u>
Date: 7/27/2021 @ 11:10 AM - 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401

<u>Additional Service Information:</u>

*[signature]*

Ofc. Joseph Temme

Service Fee:  This fee is the total for all services in multiple defendant case: $162.08



Atlantic County
# OFFICE OF THE SHERIFF
4997 Unami Boulevard
Mays Landing, NJ 08330
Eric Scheffler, Sheriff
(609) 909-7220   FAX (609) 909-7299



Sheriff's File Number:
21000790

**Eldridge Hawkins LLC**
**60 Evergreen Place., Suite 510**
**East Orange, NJ 07018**

## AFFIDAVIT OF SERVICE

Lash Brumfield, Maritza Brumfield, Triple D Cleaning,
Rashaun Brumfield, Harita Nellom

ATLANTIC COUNTY SUPERIOR COURT
Atlantic County Law Division

vs.

Atlantic Housing Authority, et al

Docket #: ATL-L-000404-21

I, Eric Scheffler, Sheriff of Atlantic County, do hereby deputize Joseph Temme, and appoint him to be my Deputy to execute and return the within **Summons & Complaint, Jury Demand with Production Demand**.

## SERVICE INFORMATION

On 7/27/2021 at 11:10 AM at 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401 , deponent served the within on *Patricia Tweedle*, the defendant named therein, in the following manner:

## CORPORATION

By delivering to and leaving with Beth Ann Shample,  Confidential Aid, a true copy thereof.

Service Attempts at service location:
Date: 7/27/2021 @ 11:10 AM - 227 North Vermont Ave., Ste 17 Atlantic City, NJ 08401

Additional Service Information:

Ofc. Joseph Temme

Service Fee:  This fee is the total for all services in multiple defendant case: $162.08





Atlantic County
## OFFICE OF THE SHERIFF
4997 Unami Boulevard
Mays Landing, NJ 08330
Eric Scheffler, Sheriff
(609) 909-7220   FAX (609) 909-7299

Sheriff's File Number:
21000790

**Eldridge Hawkins LLC**
**60 Evergreen Place., Suite 510**
**East Orange, NJ 07018**

Lash Brumfield, Maritza Brumfield, Triple D Cleaning,
Rashaun Brumfield, Harita Nellom

vs.

Atlantic Housing Authority, et al

## AFFIDAVIT OF SERVICE

ATLANTIC COUNTY SUPERIOR COURT
Atlantic County Law Division

Docket #: ATL-L-000404-21

I, Eric Scheffler, Sheriff of Atlantic County, do hereby deputize Joseph Temme, and appoint him to be my Deputy to execute and return the within **Summons & Complaint, Jury Demand with Production Demand**.

## SERVICE INFORMATION

On 7/27/2021 at 11:10 AM at 227 North Vermont Avenue Ste. 17, Atlantic City, NJ 08401 , deponent served the within on *Atlantic City Housing Authority*, the defendant named therein, in the following manner:

## CORPORATION

By delivering to and leaving with Beth Ann Shample,  Confidential Aid, a true copy thereof.

Service Attempts at service location:
Date: 7/27/2021 @ 11:10 AM - 227 North Vermont Avenue Ste. 17, Atlantic City, NJ 08401

Additional Service Information:

Ofc. Joseph Temme

Service Fee:  This fee is the total for all services in multiple defendant case: $162.08

# EXHIBIT C

ATLANTIC COUNTY LAW DIVISION
SUPERIOR COURT OF NEW JERSEY
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 402-0100
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:   FEBRUARY 05, 2021
                          RE:     BRUMFIELD LASH  VS ATLANTIC CITY HOUSIN G AUTHORI
                          DOCKET: ATL L -000404 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES P. SAVIO

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (609) 402-0100 EXT 47790.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                                    ATT: ELDRIDGE T. HAWKINS
                                    ELDRIDGE HAWKINS
                                    60 EVERGREEN PLACE
                                    STE 510
                                    EAST ORANGE      NJ 07018

ECOURTS